UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. S2-4:21CR0054 AGF (DDN) |
| ) | |
| ANTONIO DIXSON, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter is before the Court on the Defendant's pretrial motions. All pretrial motions were referred to United States Magistrate Judge David D. Noce under 28 U.S.C. § 636(b). Defendant Antonio Dixson filed a motion to suppress evidence and statements (Doc. Nos. 35 & 88) related to incidents on December 1, 2020, and February 25, 2021. Defendant is charged in a Second Superseding Indictment with possession with intent to distribute controlled substances (Count One), possessing one or more firearms in furtherance of a drug trafficking crime (Count Two), and being a felon in possession of one or more firearms (Count Three), related to the events of December 1, 2020; and with possession with intent to distribute controlled substances (Count Four), possessing one or more firearms in furtherance of a drug trafficking crime (Count Five), being a felon in possession of one or more firearms (Count Six), and possession of a defaced firearm (Count Seven), related to the events of February 25, 2021. (Doc. No. 179).

`

Defendant essentially contends that the law enforcement officers unlawfully arrested and detained Defendant on each of those occasions, such that any evidence and statements[1] should be suppressed.

Judge Noce held an evidentiary hearing on May 31, 2022, at which Officers Molly Hanson, Michael Greer, William Benjamin Childers and Eldin Dedakovic testified and were subject to cross-examination. Officers Hanson and Dedakovic were employed as police officers with the City of St. Louis, and Officers Greer and Childers were employed with the Wentzville Police Department. Following receipt of the transcript of the hearing, the parties filed post-hearing memoranda. On September 19, 2022, Judge Noce issued his Order and Recommendation ("O&R"), recommending that Defendant's motion to suppress be denied. (Doc. No. 154). Although the pretrial proceedings took place before the filing of the second superseding indictment, the second superseding indictment merely corrected a clerical error that was clear to the parties. Indeed, Judge Noce brought the error to the attention of the parties in the O&R.

Defendant filed objections to the O&R. (Doc. No. 155). Defendant did not object to any of the facts found by Judge Noce; rather Defendant objected to the legal conclusions, and asserted that the Magistrate Judge had not properly understood and addressed the issue raised. The Government responded to the Objections.

When a party objects to a report and recommendation concerning a motion to suppress in a criminal case, the Court is required to "make a de novo determination of

---

[1] Defendant does not make any independent arguments related to any statements made by Defendant on either date, but simply asserts that any statements flowed from arrests he contends were unlawful.
`

those portions of the report or specified proposed findings or recommendations to which objection is made." *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (quoting 28 U.S.C. § 636(b)(1)).

The Court conducted a *de novo* review of the motion to suppress, including a review of the transcript of the hearing and the exhibits introduced at the hearing. Defendant has not objected to any specific factual findings in the O&R, and Judge Noce's detailed factual findings are well supported by the record. The Court therefore adopts and incorporates the findings of fact in the O&R and will not repeat them here. Based on those facts, the Court further finds that Magistrate Judge Noce correctly concluded that the officers' actions on December 1, 2020, and February 25, 2021, did not violate Defendant's Fourth Amendment rights.

**December 1, 2020 Arrest**

In his objections, Defendant asserts that the officers may have had reasonable cause to question, and possibly arrest, the driver of the vehicle in which Defendant was a passenger on December 1, 2020, but that there was no reasonable cause to make inquiry of or order the passengers out of the vehicle. Specifically, Defendant asserts that "suspicion that the Honda CRV had been involved in a type of vehicle traffic violation ... on November 19, 2020, had been solved in part." Doc. No. 155, at 3. But Defendant mischaracterizes the basis for the bulletin issued on the vehicle on November 19, 2020, and ignores the other grounds for the officers' reasonable suspicion.

The Honda CR-V at issue first came to the attention of a police officer working retail patrol, assigned to provide a police presence to help prevent shoplifting during the

3

holidays.  At approximately 10:20 p.m., that officer saw a red Honda CR-V, partially occupied, parked with its headlights off and taillights on, near the entrance to a Walmart store where many thefts had occurred.  He reasonably found this to be suspicious.  His further investigation of the vehicle revealed that a wanted bulletin had been issued for the vehicle in November 2020.  That bulletin was issued not just for the traffic violation, as Defendant suggests; it was issued for having a license plate that did not match the vehicle – a fact often associated with criminal activity – and for felony fleeing.  The officer confirmed that the license plate matched the license of the vehicle noted in the bulletin and which did not match the Honda, and also determined that the plate was also expired.  For all of these reasons, that officer and the others called to the scene were justified in detaining the vehicle and conducting further investigation.  The officers reasonably believed the vehicle had been and might still be involved in criminal activity, and Defendant was a passenger in that car.  As such, as discussed in the O&R, the officers were lawfully authorized to order Defendant and the other occupants out of the vehicle and to obtain basic information, including information regarding their identity.

When Defendant exited the vehicle, one of his firearms fell to the ground, and the officers saw another firearm in plain view.  Defendant does not challenge the officers' actions after he exited the vehicle, but it is also clear that the officers were authorized at that time to place Defendant in handcuffs, seize the firearms, and search Defendant's person, at which time they located loose ammunition and controlled substances.  When they checked Defendant's pedigree information, the officers found he was a convicted

felon and was wanted for first degree arson from St. Louis County, and he was lawfully arrested.

**February 25, 2021 Arrest**

For the reasons stated in the O&R, the Court also finds no basis for the suppression of evidence with respect to the events of February 25, 2021.[2] At that time, Officer Dedakovic conducted a lawful traffic stop for a traffic violation, as he observed the vehicle in which Defendant was riding drive the wrong way down a one-way street. When the officer went to the front passenger side of the vehicle, where Defendant was seated, he detected the strong odor of marijuana coming from the vehicle. He was therefore authorized to extend the investigation, and also had probable cause to search the vehicle. The officers were entitled to request the identification of the occupants, including Defendant, both in connection with the traffic stop and in connection with their investigation of the marijuana odor. When the officers checked Defendant's identification, they determined that there was an outstanding warrant for his arrest. In fact, Defendant was wanted on the warrant issued on January 27, 2021, in connection with the initial indictment in this case related to the events of December 1, 2020. Having determined that Defendant would be arrested, the officers were authorized both in connection with their initial stop and investigation, and in connection with the impending arrest of Defendant, to direct Defendant and the other occupants of the vehicle to exit the

---

[2] The events of February 25, 2021 are captured on Officer Dedakovic's dash cam (Doc. 129, Ex. 4), and body camera. (Def. Ex. A, Doc. 128).

5

vehicle. Defendant was lawfully patted down and searched incident to his arrest, at which time a firearm and controlled substances were located on his person.

Thus, after careful and independent consideration, the Court will overrule Defendant's Objections, and will adopt and sustain the thorough reasoning of Magistrate Judge Noce set forth in support of his recommended ruling.

Accordingly,

**IT IS HEREBY ORDERED** that the Order and Recommendation of United States Magistrate Judge [ECF No. 154] is **SUSTAINED, ADOPTED, AND INCORPORATED** herein.

**IT IS FURTHER ORDERED** that Defendant's Motion to Suppress Evidence and Statements [Doc. Nos. 35 & 88] are **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Objection to the Order and Recommendation [Doc. No. 155] is **DENIED**.

**IT IS FURTHER ORDERED** that this matter remains scheduled for Jury Trial on the docket beginning **February 6, 2023 at 9:00 a.m.**

                                            _____
                                            AUDREY G. FLEISSIG
                                            UNITED STATES DISTRICT JUDGE

Dated this 13th day of January, 2023.