UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. S2-4:21CR0054 AGF (JSD) ) |
| ANTONIO DIXSON, | ) ) |
| Defendant. | ) |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

This matter is before the Court on Defendant Antonio Dixson's second round of pretrial motions. Defendant is charged in a second superseding indictment (Doc. No. 179) with two counts of possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1) (Counts One and Four); two counts of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Counts Two and Five); two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Counts Three and Six); and one count of possession of a defaced firearm, in violation of 18 U.S.C. § 922(k) (Count Seven). Counts One, Two and Three relate to events alleged to have occurred on December 1, 2020, and Counts Four through Seven relate to events alleged to have occurred on February 25, 2021.[1]   All pretrial motions related to the second superseding indictment were referred to United States Magistrate Judge Joseph S. Dueker under 28 U.S.C. § 636(b).

---

[1] Defendant was initially charged by indictment, on January 27, 2021, with Counts One,

Following the filing of the second superseding indictment, which added Count Seven, Defendant filed a Motion to Dismiss Count Seven, asserting that the charge is unconstitutional because possession of a defaced firearm is protected by the Second Amendment. (Doc. No. 191). The parties presented the matter to the Magistrate Judge as a legal issue, and filed extensive briefs together with historical authorities.

On August 30, 2023, the Magistrate Judge issued a Report and Recommendation ("Second R&R"), recommending that Defendant's motion to dismiss Count Seven be denied. (Doc. No. 227). Based on an extensive discussion of the applicable legal authorities, Judge Dueker first found that the conduct regulated by Section 922(k) is not protected by the plain text of the Second Amendment, under *District of Columbia* v. *Heller,* 554 U.S. 570, 625 (2008). Secondly, Judge Dueker found that even if the conduct were covered by the plain text of the Second Amendment, the conduct proscribed by Section 922(k) is nonetheless consistent with the historical tradition of firearm regulation, under *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S.

---

Two and Three. (Doc. No. 1). On April 7, 2021, a superseding indictment was filed adding Counts Four, Five and Six, related to events on February 25, 2021. (Doc. No. 23). After numerous extensions of time, Defendant filed a motion to suppress evidence and statements and other motions. (Doc. No. 88). Following an evidentiary hearing and post-hearing briefing, Magistrate Judge Noce, to whom pretrial matters were then referred, issued an Order and Recommendation ("First R&R") recommending that the motions be denied. Defendant filed objections, and on January 13, 2023, this Court overruled Defendant's objections and adopted the First R&R. (Doc. No. 187). On January 4, 2023, while the objections were pending, the second superseding indictment adding Count Seven was filed. Defendant was given the opportunity to file additional pretrial motions related to the second superseding indictment, and filed the instant motion to dismiss Count Seven. Following the retirement of Magistrate Judge Noce, pretrial matters were referred to Magistrate Judge Dueker.

2

\_\_\_, 142 S. Ct. 2111 (2022).   Defendant filed timely objections to the Second R&R denying the motion to dismiss (Doc. No. 233), and the United States responded to the objections on October 10, 2023 (Doc. No. 236).

When a party objects to a report and recommendation concerning a motion to dismiss a criminal indictment, the court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."   *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (quoting 28 U.S.C. § 636(b)(1)).   The Court conducted a *de novo* review of Defendant's motion and objections.   Based on that review, the Court adopts the well-reasoned opinion of the Magistrate Judge, and agrees that 18 U.S.C. § 922(k) is not unconstitutional.

### **Whether Section 922(k) is Covered by the Plain Text of the Second Amendment**

In his objections, Defendant takes issue with both of the grounds asserted in the Second R&R.   With respect to the Magistrate Judge's first legal conclusion, Defendant asserts that the Magistrate Judge erred in asking whether the regulated conduct was covered by the plain language of the Second Amendment, contending that *Heller* was largely abrogated by *Bruen*.   Defendant further asserts that prohibiting the possession of a firearm with an obliterated serial number clearly interferes with a right guaranteed by the Second Amendment.   Defendant also objects to the second ground asserted in the Second R&R, contending the regulation in § 922(k) is not consistent with the Nation's historical tradition of firearm regulation.

3

The Court is not persuaded that *Bruen* essentially abrogated *Heller*. Rather, as the government notes in its response to the objections, the Court in *Bruen* endorsed *Heller's* approach to determining whether the Second Amendment covered challenged conduct. "[I]n keeping with *Heller*," the Court first asked whether "the Second Amendment's plain text covered the individual's conduct." *Bruen*, 142 S. Ct. at 2126. The Court expressly re-affirmed the approach in *Heller* which "relied on text and history." *Id.* at 2129. While the Supreme Court rejected the second step of the widely-used two-step approach adopted by many courts after *Heller*, the Court clearly held that the proper inquiry required consideration of "whether modern firearms regulations are consistent with the Second Amendment's *text and historical understanding*." *United States v. Patton*, No. 4:21-CR-3084, 2023 WL 6230413, at *1-2 (D. Neb. Sept. 26, 2023) (quoting *Bruen*, 142 S. Ct. at 2131, and adding emphasis). Applying that test, the Court then analyzed "the plain text" of the Second Amendment, and first concluded, "with little difficulty," and in just six paragraphs, that the plain text presumptively guaranteed the petitioner's right to "bear" arms in public for self-defense. *Id.* at 2134-2135.

As explained in *Patton*, many courts, like the Magistrate Judge in this case, have "separated the 'text' and 'historical understanding' analyses, creating a *new* two-step approach." *Id.* at *2 (collecting cases). *See, e.g., United States v. Reyna*, No. 3:21-CR-41 RLM-MGG, 2022 WL 17714376, at *5 (N.D. Ind. Dec. 15, 2022) (quoting *Heller*, 554 U.S. at 625). This approach is wholly consistent with the Court's analysis in *Bruen*.

Indeed, in June of this year, the Eighth Circuit relied on the reasoning in *Heller* to uphold the constitutionality of the statute prohibiting the possession of firearms by felons.

4

*See United States v. Jackson*, 69 F.4th 495 (8th Cir. 2023), *rehrg. and rehrg en banc denied*, 2023 WL 5605618 (Aug. 30, 2023).  Similarly, the Court in *United States v. Sitladeen*, recognized that the analysis under *Bruen* "begins with a threshold question: whether the person's conduct is covered by the Second Amendment's plain text."  64 F.4th 978, 987 (8th Cir. 2023) (internal citations omitted).

*Heller* recognized that the Second Amendment "extends only to certain types of weapons," and "is not a right to keep and carry any weapon whatsoever in any manner whatsoever."  *Heller*, 554 U.S. at 625, 626 (discussing the holding in *United States v. Miller*, 307 U.S. 174 (1939) that a short-barrel shotgun was not protected by the Second Amendment).  Thus, even after *Bruen*, the Second Amendment is properly construed to exclude weapons that are "not typically used by law-abiding people for lawful purposes."

The Court agrees with the reasoning of the Magistrate Judge that a gun with an obliterated serial number is not a gun "typically used by law-abiding people for law-abiding purposes," but rather is useful for conducting criminal activity.  *Reyna*, 2022 WL 17714376, at *5.  Further, as stated in the Second R&R, requiring a gun to have a serial number does not impact the gun's functional characteristics.  *See United States v. Holton*, No. 4:21-CR-0482-B, 2022 WL 16701935, at *4 (N.D. Tex. Nov. 3, 2022).  An ordinary, law-abiding citizen does not need a firearm with an obliterated serial number for self-defense; the exact same firearm with a serial number will provide the same defense.

**Whether Section 922(k) is Consistent with the Historical Tradition of Firearm Regulation**

But the Court need not rest upon the above reasoning for denying Defendant's motion to dismiss. As the Magistrate Judge properly recognized, *Bruen* held that "[w]hen the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Bruen*, at 2129-30. For the reasons discussed more fully in the Second R&R, the Court agrees that the regulation in Section 922(k) is comparatively burdensome and relatively similar to the historical regulation of firearms, which included the regulation of the trading and movement of firearms, the stamping of a prover's initials into the barrel of a gun, and fining those who manufactured a firearm without a mark. Likewise, gunpowder was regulated and tracked, and many states required stored gunpowder to be proved and marked. *See* Second R&R at 11-12; *see also*, *United States v. Sharkey*, __ F. Supp. 3d. __, 2023 WL 6139615 at *2-3 (S.D. Iowa Sept. 20, 2023). Further, as stated above, requiring a serial number does not impact the functioning or use of a firearm.

Based on this reasoning, numerous courts since *Bruen* have found Section 922(k) to be consistent with the historical tradition of firearms regulations. *See* Second R&R at 12-13 (citing cases). Indeed, as the government notes, since the Second R&R was issued, two district courts in this Circuit have held section 922(k) to be constitutional. *See Patton*, 2023 WL 6230413; *Sharkey*, 2023 WL 6139615, (S.D. Iowa Sept. 20, 2023).

The Court agrees with the reasoning of these cases and the other cases cited in the Second R&R which have found the regulation in section 922(k) to be consistent with the historical tradition of firearm regulation.

In his objections, Defendant argues that further support for his motion to dismiss is found in the proposed amendment to Section 2K2.1 of the United States Sentencing Guidelines. The proposed amendment, intended to reach ghost guns, extends the four-level enhancement previously applied with respect offenses involving firearms with an obliterated or altered serial number, to situations where the defendant knew or was wilfully blind to the fact that the firearm "was not otherwise marked with a serial number," other than those firearms manufactured prior to the effective date of the Gun Control Act of 1968. Proposed Amendment to § 2K2.1(b)(4)(B), Sentencing Guidelines for United States Courts, 88 Fed. Reg. 28,254, 28,254 – 28, 282, at 28-269 (proposed May 3, 2023). The Court fails to see how the proposed amendment has any bearing on this analysis. The mere fact that technology has now evolved to a point where an individual, rather than a manufacturer, can readily create a ghost gun, without any serial number, says nothing about the historical regulation of firearms and the then-accepted efforts to track and safeguard firearms and gun powder.

For these reasons, and the reasons discussed in the Second R&R, Defendant's motion to dismiss Count Seven as unconstitutional under the Second Amendment is denied.

Accordingly,

7

**IT IS HEREBY ORDERED** that the Report and Recommendation of United States Magistrate Judge [Doc. No. 227] is **SUSTAINED, ADOPTED and INCORPORATED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss Count Seven of the Second Superseding Indictment [Doc. No. 191] is **DENIED.**

A final pretrial conference will be scheduled by separate Order.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 26th day of October, 2023.