UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. S2 4:21-CR-54 AGF |
| | ) | |
| ANTONIO DIXSON, | ) | |
| | ) | |
| Defendant. | ) | |

## **DEFENDANT'S PROPOSED VOIR DIRE**

COMES NOW defendant, Antonio Dixson, by and through his attorney of record, and in addition to the standard questions propounded by the Court to the prospective jury panel, submits the following questions to serve as a supplemental to voir dire, thereby allowing defendant and counsel for same the ability to obtain more information so as to make a more reasoned and meaningful decision with respect to the selection of trial jurors:

1.  Antonio Dixson is charged by indictment with the following offense: possession of a firearm by person having been convicted previously in a court of law of a crime punishable by a term of imprisonment exceeding one year; possession with the intent to distribute drugs; possession of a firearm by a person with a felony conviction; and possession of a firearm with an obliterated serial number.

Does any member of the panel have any knowledge whatsoever of the charges in this particular case or of these alleged occurrences?

Does the mere fact that it is alleged that Mr. Dixson has committed several crimes make it more likely to you that he is therefore guilty of at least one crime?

If there is an affirmative response to the foregoing question from any member of the panel, the defendant requests that each responding member of the panel be interrogated individually out of presence and hearing of the other jurors and asked the following questions:

(a) (Mr. or Mrs.) _____, now that you are out of the presence and hearing of the other jurors called in this case, would you plea tell the Court what you know about this case.

(b) (Mr. or Mrs.) _____, based on what you may have read, seen or heard about this case, have you formed any judgment whatsoever respecting the guilt or innocence of the defendant?

(c) Is it your judgment or opinion that the defendant is guilty of the crimes charged in the Indictment?

(d) Is your opinion such that you would require the defendant to produce evidence of his innocence in order to acquit?

(e) Is there any doubt in your mind about your ability to disregard what you may have read, seen or heard about this case before today and decide the case solely on the basis of what goes on in this courtroom?

2. Does any member of the panel know Antonio Dixson?

3. Does anybody know any of the attorneys in this case?

4. Is there any member of the jury panel acquainted with Eric W. Butts, as Antonio Dixson's attorney?

5.  Is any member of the jury panel acquainted with the prosecutors, Jason S. Dunkel, Cassandra Wienker, Beth Toth, or the United States Attorney, Saylor Feming, or members of her staff?

6.  Is there any member of the jury panel acquainted with the anyone else sitting in the present courtroom?

7.  Does anyone know any of the witnesses in this case? [Please read government's witness list and defense witness list.]

If there is an affirmative response to the foregoing question, please ask the jury the following questions:

    (a)  How and under what circumstances have you known him or her?

    (b)  How well do you know him or her?

    (c)  How long have you known him or her?

8.  Is there any member of the jury panel who knows the judge assigned to conduct this trial?

9.  Has any member of the panel or any member of his or her immediate family ever been employed in any branch of law enforcement (police department, highway patrol, Federal Bureau of Investigation, Bureau of Alcohol, Tobacco, Firearms and Explosives, any other federal or state law enforcement office, sheriff, deputy sheriff, guard or jailer?

If there is an affirmative response, please submit to the prospective member the following questions:

    (a)  Would you be influenced in your verdict or embarrassed in any way of that employment?

3

  (b)  What is your position, or the position of the family member?

 10. Has any member of the jury panel or any member of their immediate family ever been employed by the federal government other than serving in the military? If so, please determine the dates of employment, the department of the government employed with, and the nature of his/her duties?

 11. Do you have any predisposition, feelings, beliefs or attitudes regarding attorneys, notably criminal attorneys, which could prohibit you from being fundamentally fair in rendering a decision in this case?

 12. There will be police officers called as witnesses in this case. Will you all weigh their testimony the same as that of any other witness and not give their testimony any more or less weight merely because they are law enforcement officials?

 13. So is there anyone that would be more likely to believe the police officer's testimony just because he or she was a law enforcement official?

 14. For each member of the jury panel, please determine:

  (a)  His or her marital status and if married or divorced, whether he or she has children;

  (b)  Whether his or her spouse is employed, and if so, where and at what job;

  (c)  His or her employment, what job, and for how long.

 15. Has any member of the jury panel previously served on a grand jury or criminal trial jury? If so, please determine the charges against the defendant and the verdict. For those who served on a grand jury, please determine what court and inquire of those venire persons know the difference between the burdens of proof before a grand jury and a trial jury.

16. Has any member of the jury panel or any member of their family ever been employed by any court as a clerk, bailiff, reporter or other officer thereof? If so, please obtain the court, the dates, and the duties performed.

17. Has any member of the jury panel ever received any legal training, even business law, or been employed by a law office. If so, please determine the nature of such training or experience.

18. Is there any member of the panel or any member of your immediate family who has ever been the victim of a crime? (To those who respond in the affirmative, it is requested that the Court specifically inquire about the nature of the crime, when it occurred, whether prosecution resulted, whether the venire person or member of his/her family was the victim and whether or not the experience of the venire person in that matter would in any way influence him or her in this case.)

19. Have you or any member of your immediate family ever been a prosecuting witness in a criminal case, or simply testified in a criminal case?

If the answer is in the affirmative, please ask the following question(s):

    (a) When and where did said matter go to trial and did that experience leave you with the impression that the person charged with a crime should be convicted?

20. Is there anyone on this panel that feels that merely because a criminal charge has been brought against the defendant, the fact alone is indicative of guilt and would therefore find him guilty, regardless of whether the government met its burden of proof beyond a reasonable doubt?

21. There will undoubtedly be evidence submitted that revolves around alleged possession of a firearm and possession of a firearm in connection with the crime of possession with

intent to distribute drugs. Is there any member of the jury panel who would have a preconceived perception of the innocence or guilt of a person charged while serving as a juror because of the nature of the specific offense?

    Please ask any panel member making an affirmative response, the following questions:

        (a)    Do you think that the feelings you have about gun possession would influence your ability to decide this case?

        (b)    Do you think that the feelings you have about drugs, of any kind, would influence our ability to decide this case?

22.    Is there anyone on this panel, or anyone with a family member, close friend or even a neighbor, that has had an experience with a violent crime, drugs, or weapons which could prevent you from rendering a fair verdict in this case?

23.    Does anyone have feelings regarding violent crimes, drugs or weapons so strong that you could not be fair, reasonable and just in determining the innocence or guilt of the defendant in this case?

25.    Does any member of the jury panel believe that the defendant in a criminal case should be required to produce some evidence of his or her innocence before he or she can be acquitted?

26.    The Indictment in this case is nothing more than a formal charge. Is there any member of this panel who believes that the mere fact that Antonio Dixson has been indicted and is charged with an offense is evidence at all of his guilt?

27. Does everyone realize that under our system of criminal justice, you will have to return a verdict of GUILTY or NOT GUILTY and that a defendant must be found NOT GUILTY if you determine there is reasonable doubt that the defendant committed the offense?

28. Does everyone understand that the defendant is presumed to be innocent until proven guilty beyond a reasonable doubt?

29. Is there any member of his panel who believes that this requirement that the government prove the defendant's guilty beyond a reasonable doubt is too great a burden? Accordingly, does everyone understand that it is not sufficient to convict the defendant just because you believe he may probably be guilty? Therefore, if you heard and evaluated the evidence and determined the defendant was probably guilty, but not beyond a reasonable doubt, would you be able to remain fair and return a verdict of NOT GUILTY?

30. Does everyone understand that it is any defendant's fundamental right not to testify in a criminal trial? It is further well-settled law that you may not consider the issue of whether a defendant chooses to testify or not as indicative of guilt or innocence?

31. Is there any member of the jury panel who, because of personal feelings or otherwise, would not be able to understand or agree that he or she could not follow that rule?

32. Does everyone understand that it is the government, not the defendant, that has the burden of proof in this matter and any other criminal case and that the defendant has no burden of providing any evidence in order to prove his innocence? It is solely the government's responsibility and indeed, burden, to prove beyond a reasonable doubt that this defendant committed the offense(s) charged.

33. So everyone understands that the defendant does not have any burden to put on any evidence in his defense. Is there any member of this panel who believes that a defendant should be required to present evidence before a verdict of acquittal would be considered?

34. Does everyone understand that the government's burden of proving its case beyond a reasonable doubt goes to each and every element of each charge alleged?

35. If you concluded that the government failed to prove its case against this defendant, would you adhere to your decision, even if the evidence tended to show someone else, not charged, was responsible for the crimes at issue?

36. If the government fails to prove the guilt of the accused with the degree of moral certainty that amounts to proof beyond a reasonable doubt, do you understand it would be your duty to then vote NOT GUILTY?

37. Will you be able to follow the Court's instruction that it is the burden of the government to establish to your satisfaction the guilt of the defendant beyond a reasonable doubt? Do you understand that this is more than just the weight of the evidence test as exists in civil cases?

38. If you were to find yourself outnumbered during deliberations in the jury room, would you join others in their verdict merely because you were alone in your opinion?

39. Do you understand that as jurors it will be your duty to pass upon the credibility of the evidence? That is to say, you must listen to the testimony that comes from the witness stand and determine what weight, if any, shall be given to such testimony? You may reject and totally discount any testimony which you find not to be believable.

40.     If there were conflicting statements and conflicting testimony in this case by the government's witnesses, do you understand that it would be your duty to take this into consideration on the question of reasonable doubt in arriving at your verdict in this case?

41.     Does everyone understand that an attorney, whether prosecutor of defense attorney, has a legal duty and professional responsibility to object to evidence he or she believes should not be presented to the jury?

42.     Does everyone understand that you cannot consider the fact that objections were made to certain evidence as an indication of the defendant's guilt?

43.     Can anyone think of any other matter that you would like to call to the Court's attention which may have some bearing on your qualifications as a juror, or which may prevent you from rendering a fair verdict based solely on the evidence and the Court's instructions as to the applicable law?

/s/ Eric W. Butts
ERIC W. BUTTS, #36184MO
Attorney for Defendant Antonio Dixson
555 Washington Avenue, Suite 400
St. Louis, Missouri 63101
(314) 621-1617
(314) 621-7448 - Facsimile
Email: ewbtts@sbcglobal.net

**CERTIFICATE OF SERVICE**

I hereby certify that on January 12, 2024, a copy of the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following: Mr. Jason S. Dunkel, Assistant United States Attorneys, 111 South 10th Street, 20th Floor, St. Louis, Missouri 63102.

/s/ Eric W. Butts